UNITED STATES of America,
Plaintiff—Appellee,

v.

Gregorio ROBLES–PONCE, aka,
Gregorio–Ponce–Robles
Defendant—Appellant.

No. 02–50291.
D.C. No. CR–01–03278–JMF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided March 5, 2003.

---

Before MESKILL,* FERGUSON, and BERZON, Circuit Judges.

### MEMORANDUM **

Gregorio Robles–Ponce appeals from a judgment of conviction for violation of 21 U.S.C. § 952 and § 960, entered after a conditional guilty plea reserving his right to appeal the denial of his motion to suppress marijuana discovered in a border search of his 1989 Ford van at the Calexico Port of Entry.

At the hearing on Robles–Ponce's suppression motion, no testimony was taken. The District Court ruled that, assuming all of the Defendant's allegations of intrusiveness to be true, the non-routine border search doctrine requiring reasonable suspicion did not apply to the search of Robles–Ponce's vehicle because it applied only to searches of a person's body. Without making any factual findings concerning the

degree of intrusiveness the search posed or the existence of reasonable suspicion sufficient to justify a non-routine search, the District Court denied the motion.

Robles–Ponce claims that *United States v. Molina–Tarazon,* 279 F.3d 709 (9th Cir. 2002), decided shortly after his conviction, requires that we reverse the District Court and suppress the evidence. *Molina–Tarazon* involved a border search of a motor vehicle and held that non-routine border searches can apply to "some searches of inanimate objects." *Id.* at 713. The Court acknowledged that the critical factor in determining whether a border search was routine or non-routine was the degree of intrusiveness the searched posed, and provided a non-exhaustive list of factors to be considered in making that determination. *See id.*

The government's attempts to distinguish *Molina–Tarazon* or diminish its impact are unpersuasive. Robles–Ponce's claim that the evidence must be suppressed is, at best, premature.

We vacate the judgment and remand to the District Court for further proceedings in light of *United States v. Molina–Tarazon.*

**VACATED AND REMANDED.**

---

* The Honorable Thomas J. Meskill, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.